IN RE ESTATE OF SARAH A. GETCHELL.

FRANK  G.  CARRIER,  APPELLEE,  v.  MELVIN  GETCHELL, APPELLANT.

FILED DECEMBER 19, 1916.   No. 18960.

1. **Domicile.** Where the owner of a home in one county sells the same, with the intention of removing to another county, reserving the right to store his furniture in one room of such house until he can arrange for such removal, and shortly thereafter goes to another county, rents a house there for the purpose of removing thereto and making it his home, immediate possession of one room in such house to be given him, and possession of the entire house to be given about six weeks later, and subsequently completes such transaction, at the time appointed, by removing his household effects from his former home to the new one, such final act of removal will relate back to the time he rented the house in the second county, and his residence and that of his wife in such second county will date from the time when he rented such house for the purpose and with the intention of removing thereto and making that his family home.

2. **Executors and Administrators: ADMINISTRATION: JURISDICTION.** And, in such a case, where the wife dies before such final act of removal takes place, and it clearly appears that the delay of a few weeks in removing from the old home to the new was not occasioned by any doubt as to the ultimate removal to the new home, but was caused solely by the illness and death of the wife, and the husband, shortly after his removal to the new home, in good faith applies for and obtains letters of administration on the estate of his deceased wife in the county court of the county to which he has removed, and such estate is in due form fully administered in such court, such administration will be sustained.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Reversed and dismissed.*

*J. F. Boyd,* for appellant.

*A. M. Emley, contra.*

FAWCETT, J.

Plaintiff filed in the county court of Cuming county a petition for letters of administration on the estate of

Sarah A. Getchell, deceased. Defendant, the surviving husband of decedent, resisted the application on the ground that her estate had already been fully administered in Antelope county. His objections were overruled, and an appeal was taken to the district court, where he was again unsuccessful.

The only question involved in the case is: Was Mrs. Getchell, at the time of her death, a resident of Antelope or Cuming county? The evidence is undisputed. It shows that some time in 1906 the defendant and his wife removed from Neligh, in Antelope county, to Wisner, in Cuming county, where a home was purchased, in which they resided until about January 4, 1910, at which time they sold the property and gave possession of the same to the purchaser, except as to one room in which they stored their furniture, under an arrangement that they might keep it there until they decided upon a new location. They then went to reside, temporarily, with a daughter in Wisner. Some time during the same month defendant went to Neligh, in Antelope county, and while there rented a house for the purpose of removing to that city. At the time he rented the house it was occupied by another tenant whose tenancy would not expire until March 1. He made arrangements with this tenant for immediate possession of one room, in which to store the furniture which he then had stored in his old home in Wisner, until he should receive possession of the entire house on the date named. While defendant was at Neligh, or immediately upon his return to Wisner, Mrs. Getchell was taken ill, and on February 14 she died. On March 1 defendant obtained possession of the house in Neligh, which he had rented in January, and moved his furniture from Wisner thereto. In April he applied to the county court of Antelope county for letters of administration on his wife's estate. His petition was granted, and by subsequent proceedings, the regularity of all of which is not disputed, the estate was fully settled and the administrator discharged.

We think the evidence shows that when defendant sold his home in Wisner he did so for the purpose and with the intention of removing from Cuming county, and that when he rented the house in Neligh it was with the intention of making that his home. In accordance with that intention he arranged for the immediate possession of one of the rooms, and for possession of the entire house on March 1. He subsequently carried that intention into effect by moving into the house he had rented in Neligh, at the appointed time. He thereby changed his residence from Wisner, in Cuming county, to Neligh, in Antelope county. The final act of removing his furniture from Cuming to Antelope county was simply one of the parts of a single transaction. It completed the intended removal, and related back to the time when he rented the home in Neligh, with the intention of removing thereto. That in making this arrangement for the transfer of his residence he was acting for himself and the decedent is clear. That he acted in good faith in administering the estate in Antelope county is also clear. In the light of these facts, the county court of Antelope county was the proper court in which to administer the estate of his deceased wife. The fact that, on account of her illness, he did not immediately remove the furniture from the room in which it was stored in Cuming county to the room in his new home which he had rented in Antelope county is immaterial, as it clearly appears from the evidence that this delay was not occasioned by any doubt as to the ultimate removal to Neligh, but was caused solely by his wife's illness.

The judgment of the district court is reversed and the petition for letters of administration in Cuming county dismissed.

REVERSED AND DISMISSED.

LETTON and ROSE, JJ., not sitting.

SEDGWICK, J., concurring.

Some weeks before the death of his wife, Melvin Getchell sold the house where they were living in Cuming county, and himself and wife gave possession thereof to the purchaser, reserving one room in which they stored their furniture. He then went to Neligh, in Antelope county, and rented a house of which he could not get complete possession for a few weeks, but took possession of a room therein. While these negotiations were pending, and on the 14th day of February, Mrs. Getchell died in Cuming county. A few days later Mr. Getchell removed his furniture to the house he had rented in Neligh and continued to reside in that county. These circumstances, as appears from the opinion and the dissenting opinion, presented a nice question of law as to at what point of time Mr. Getchell changed his residence from Cuming county to Antelope county. He might well have been in doubt as to which was the proper county in which to settle the estate of Mrs. Getchell. He concluded that he should apply for settlement of the estate in Antelope county where he was living. All parties interested might well have taken notice that this would probably be his conclusion. No objection was made, and the estate was duly settled by the court of that county. Four years later application was made by a son of Mrs. Getchell to the court of Cuming county to settle Mrs. Getchell's estate, ignoring the proceedings in Antelope county. Over the objections of Mr. Getchell, that court proceeded with the matter, and, upon appeal to the district court of that county, the action of the probate court was sustained.

Of course, the jurisdiction of the probate court of Antelope county depended upon the legal residence of Mrs. Getchell being in that county, and that depended upon the question of fact as to whether Mr. Getchell had changed his legal residence before the death of Mrs. Getchell. This question was necessarily submitted to the county court of Antelope county, and that court found the fact to be that Mr. Getchell had changed his residence to that county before Mrs. Getchell's death.

The son might anticipate that some action would be taken to settle the estate within four years after Mrs. Getchell's decease. The facts determining jurisdiction must have been litigated in that proceeding. After allowing the expense of the first proceeding to be incurred, and waiting for four years, the son should not now, in this collateral way, be allowed to retry the facts upon which jurisdiction depends. I concur in reversing the judgment of the district court.

MORRISSEY, C. J., dissenting.

Melvin Getchell and his wife had been residents of Cuming county for a number of years. February 14, 1910, Mrs. Getchell died in that county. Getchell, the husband, claims that in January preceding the death of his wife he went to the city of Neligh, in Antelope county, and leased a house which was then occupied by another family. He says he was unable to secure possession at once, but that an arrangement was made whereby he might ship his furniture and store it in a couple of rooms in this house, but he admits that the furniture was not shipped, and that he did nothing further than this toward establishing a residence in Antelope county until after the death of his wife. At the time of her death the furniture was still in Cuming county. Getchell took out letters of administration in Antelope county, alleging that his wife died a citizen of that county. Later, one of her heirs applied for letters in Cuming county. These letters were granted over Getchell's objections, and he took an appeal to the district court. His objections were overruled, and he brings the case here.

The majority opinion reverses the judgment of the district court, and, in effect, holds that, although Mrs. Getchell had done nothing during her lifetime to transfer her residence from Cuming county to Antelope county, the mere intention on the part of the husband to change the family residence is sufficient to change the residence of the wife. Under such a holding a married woman may

never know the place of her domicile. Being unable to know what her husband has in mind, she will be unable to say that he has not formed the intention to remove the family to some distant place. It seems to me that the judgment of the district court is clearly right. This woman had no residence in Antelope county, could not have been found there, was not there, died before her husband went there to live, and the judgment of the district court ought to be affirmed.